IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dwight Freeman,                :

       Plaintiff,         :   Case No. 2:11-cv-878

  v.                           :   JUDGE GREGORY L. FROST
                                   Magistrate Judge Kemp
Gary C. Mohr, et al.,          :

       Defendants.        :

## REPORT AND RECOMMENDATION

This matter is before the Court on the defendants' motion to compel plaintiff Dwight Freeman to pay the full filing fee for this case. Mr. Freeman has responded to the motion. For the following reasons, the Court will recommend that the motion be granted and that Mr. Freeman be required to pay the full filing fee or suffer dismissal.

I.

By order dated March 28, 2012, the Court granted Mr. Freeman leave to proceed in forma pauperis. In his complaint Mr. Freeman, a state prisoner housed at the Ohio State Penitentiary in Youngstown, asserts a claim under 42 U.S.C. §1983 for alleged deliberate indifference to his serious medical needs involving a hernia and pinched nerves in his neck. On April 17, 2012, defendants filed their motion to compel full payment of the filing fee. Following the filing of that motion, Mr. Freeman filed a notice of voluntary dismissal based on a tentative settlement of this and other cases which he had filed. He later moved to withdraw that notice and reopen this case. By order dated September 6, 2012, the Court granted Mr. Freeman's motion to reopen, reinstated the motion to compel, and directed the issuance of this Report and Recommendation.

II.

In their motion, defendants contend that Mr. Freeman has had three or more prior cases dismissed for failure to state a claim. If that is so, under the so-called "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. §1915(g), he is not entitled to proceed in forma pauperis unless he can show that he is in imminent danger of serious harm. Although Mr. Freeman claims to be able to satisfy this standard, defendants argue that, with respect to his complaints of neck pain, Mr. Freeman currently is litigating that issue in Case No. 2:08-cv-71 filed in this Court and, with respect to his hernia, this is a not a dangerous situation. They assert that Mr. Freeman simply disagrees with the diagnosis that the hernia is reducible without the need for surgery.

In response, Mr. Freeman does not dispute that he is subject to the three-strikes rule, but argues that he has met the imminent danger exception allowing him to proceed in forma pauperis. It is evident from his response that Mr. Freeman is, as defendants contend, quite familiar with the concept of imminent danger and some of his response is virtually a word for word recitation of language addressing this issue as set forth in previous opinions of this Court. Specifically, Mr. Freeman notes the Sixth Circuit holding in Vandiver v. Vasbinder, 2011 WL 11055652 (6th Cir. 2011), that the denial of medical treatment can satisfy the imminent danger requirement of §1915(g). Further, he cites to Jackson v. Jackson, 335 Fed. Appx. 14 (11th Cir. 2009) for its holding that the failure to provide hernia surgery satisfied the requirement. He also cites to Case No. 2:08-cv-71 as an example of his claim of medical indifference meeting the imminent danger requirement. The Court must therefore determine whether he or defendants have the better of this argument.

III.

Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit in forma pauperis if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Thus, he is not entitled to proceed in forma pauperis and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g). Otherwise, he must pay the entire filing fee (currently $350.00) at the outset of the case. As discussed above, there is no dispute here that Mr. Freeman is a "three strikes" prisoner. A quick Westlaw search easily confirms this. Consequently, the only issue before the Court is whether Mr. Freeman has demonstrated that he is in imminent danger of serious physical injury.

For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. Vandiver v. Vasbinder, 416 F. Appx. 560, 562 (6th Cir. March 28, 2011) (table)(noting that "the plain language of §1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Court of Appeals has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." Rittner v. Kinder, 290 Fed.Appx. 796, 797 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." Tucker v. Pentrich, 2012 WL 1700701, at

*1 (6th Cir. May 15, 2012), citing Rittner, supra.

In this Circuit, the denial of medical treatment can, under certain circumstances, satisfy the imminent danger requirement. See, e.g., Vandiver, 416 Fed.Appx. at 563 (6th Cir. March 28, 2011) (alleged failure to treat diabetes and Hepatitis C), citing Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006)(alleged failure to treat hepatitis C). Other Courts of Appeals outside this Circuit likewise have found that the denial of treatment may result in the imminent danger of serious physical injury within the meaning of 28 U.S.C. §1915(g). For example, in Jackson v. Jackson, 335 Fed.Appx. 14, 15 (11th Cir. 2009), the Eleventh Circuit Court of Appeals found that the denial of hernia surgery met the imminent danger of serious physical injury requirement, and it also found the requirement satisfied in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) as a result of the withdrawal of treatment for HIV and Hepatitis C, both chronic and possibly fatal diseases. Further, the Court of Appeals for the Seventh Circuit has found that "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in ... legs and back" as a result of the denial of medication constituted serious physical injury. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Additionally, the failure to treat severe chronic pain has been found to satisfy the imminent danger requirement under specific circumstances. Freeman v. Collins, Case No. 2:08-cv-71, 2011 WL 1397594, *6 (S.D. Ohio April 12, 2011) (Deavers, M.J.); Perez v. Sullivan, 2005 WL 3434395, *2 (W.D. Wis. December 13, 2005).

Mr. Freeman devotes approximately seven and one-half pages of his complaint to repeated assertions that he is subject to imminent danger as a result of various defendants' deliberate indifference to his need for a hernia repair and his neck pain. His complaint contains the following allegations. On December 6,

-4-

2010, he was seen at the surgery clinic for a hernia which was
causing him severe pain and vomiting.  On January 10, 2011, he
had a "tela-med pre-operation with OSU surgeons" and was told
surgery would be scheduled "ASAP."  On February 24, 2011, certain
defendants refused Mr. Freeman's surgery.  On February 16, 2011,
Mr. Freeman was seen by a surgeon at OSU for his neck pain.  On
June 8, 2011, he had an MRI and CAT scan which indicated that he
had pinched nerves in his neck.  According to Mr. Freeman,
various defendants then conspired to prevent him from returning
to see the neurosurgeon as scheduled on July 7, 2011.

Mr. Freeman attached to his complaint a 28-page exhibit
detailing his efforts to utilize the grievance process to address
the medical issues identified in the complaint.  Included within
these pages are dispositions of grievances and one decision of
the Chief Inspector on Appeal.  This information reveals the
following.  According to the decision of the Chief Inspector on
appeal, dated August 4, 2011, a review of the CMC MOSS database,
Mr. Freeman's electronic health records, his medical records
provided by the HCA, and his commissary records, the surgery
clinic noted that he had had a hernia repair 15 years earlier and
that he had told the physician that he had a recurrent hernia for
three months with nausea and vomiting for two weeks.  See
Complaint, Exhibit 1, p.1.  The exam revealed that the "hernia is
reducible and abdomen otherwise soft and non-tender."  Id.  When
Mr. Freeman was seen by surgery via telemedicine for his hernia,
he told the doctor that "the hernia was painful and [he] desired
repair."  The report noted that the hernia was "reducible" and
that Mr. Freeman had "no bowel/bladder dysfunctions" and that he
"tolerated a regular diet."  Id.  On February 24, 2011, Mr.
Freeman was seen for shoulder/neck pain and eye contusion and was
told at that time that the "umbilical hernia surgery would not be
done since the hernia was reducible per his collegial review

-5-

consult with central office physicians and Advanced Level Providers." Id. at pp. 1-2.  Mr. Freeman was seen on April 18, 2011, for various complaints, including his hernia and was told that his hernia was "reducible" and did not require surgery. Id. at p.2.  Mr. Freeman was seen in CCC July 12, 2011, and no acute symptoms were noted relating to his abdomen. Id.  He was told that his hernia surgery was an elective procedure which would not be authorized by central office collegial review. Id.  Based on this information, the Chief Inspector affirmed the denial of Mr. Freeman's grievance but encouraged him to remain in contact with the medical staff regarding his symptoms.  Id.

A disposition of grievance dated August 19, 2011, states that a review of Mr. Freeman's medical file with the HCA indicated that he had been seen on July 29, 30, and August 6, 11, and 12, 2011.  See Complaint, Exhibit 1, p.23.  Further, Mr. Freeman has orders for several medications including prednisone, baclofen, neurontin, muscle relaxer, and analgesic balm.  Id.

There is also a response dated February 28, 2011, on a complaint resolution form that indicates that Mr. Freeman has been repeatedly instructed on how to reduce the hernia and that lying flat would help the pain. See Complaint, Exhibit 1, pp. 14-15.  A disposition of grievance dated May 18, 2011, notes that Mr. Freeman's medical healthcare is being monitored.

Taking all of the above into account, the essence of Mr. Freeman's complaint is simply that he disagrees with the opinions of the medical personnel who have examined him.  Such allegations are insufficient to satisfy the imminent danger requirement of 28 U.S.C. §1915(g).  Numerous other courts have reached the same conclusion in similar circumstances. See, e.g., Watley v. Escobar, 2010 WL 1643801 (N.D. Ohio April 22, 2010) (no imminent danger where plaintiff received medical treatment but disagreed with conclusions of medical personnel); James v. Hunter, 2009 WL

3052131, *3 (S.D Alabama September 18, 2009) (disagreement with medical treatment provided does not satisfy §1915(g) exception); Joyner v. Fish, 2008 WL 2646691 (W.D.Va. July 3, 2008) (imminent danger not demonstrated when plaintiff had been given thorough medical treatment, never been denied doctor visit, and been advised to take medication but disagreed with opinions of medical professionals); Baugh v. Missouri Dept. of Corrections, 2008 WL 4831783, n. 1 (E.D.Mo. November 5, 2008) (no imminent danger where plaintiff admitted he was offered treatment for medical conditions but disagreed with offered treatment); Brown v. Beard, 492 F.Supp.2d 474, 478 (E.D.Pa. June 27, 2007) (prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions).

In short, Mr. Freeman has failed to show that he was under imminent danger of serious physical injury as defined by §1915(g) for purposes of his current complaint. First, with respect to his neck pain or pinched nerve, Mr. Freeman's complaint is simply that the defendants refused to send him for a follow-up appointment. This bare allegation, without more, does not suggest imminent danger. Further, while the Court recognizes that in Jackson, the Eleventh Circuit held that the plaintiff had met the imminent danger exception with respect to allegations concerning his need for hernia surgery, Mr. Freeman's case is easily distinguishable. The exhibits Mr. Freeman attached to his complaint indicate that he has been seen by medical personnel repeatedly, has been prescribed various medications, is requesting an elective procedure, has been advised about reducing his hernia, and that his institution is monitoring his healthcare. Similarly, this case is distinguishable from Case No. 2:08-cv-71 because that case involved medical treatment received by Mr. Freeman while housed at a different institution. Thus, defendants' motion should be granted.

IV.

For all the reasons set forth above, the Court recommends that the pending motion to compel payment of the full filing fee (#9) be granted and that Mr. Freeman be required to pay the entire $350.00 filing fee. The Court further recommends that, if Mr. Freeman fails to pay the entire filing fee within thirty days of an order adopting this Report and Recommendation, this action be dismissed without prejudice for failure to prosecute and that Mr.Freeman still be assessed the $350.00 filing fee. See, e.g., Cohen v. Growse, 2011 WL 947085, *5-6 (E.D.Ky. March 14, 2011); see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).

V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge