IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Dwight Freeman,**

    **Plaintiff,**                                             Case No. 2:11-cv-878

    v.                                                        JUDGE GREGORY L. FROST
                                                                Magistrate Judge Kemp

**Gary C. Mohr, et al.,**

    **Defendants.**

## ORDER

    This matter is before the Court on plaintiff Dwight Freeman's objections to a Report and Recommendation issued by the Magistrate Judge on October 30, 2012. The Court, having reviewed the record de novo, finds for the reasons set out below that the objections to the Report and Recommendation are without merit. Mr. Freeman's objections are OVERRULED and the Report and Recommendation is ADOPTED.

### I.

    When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made ...." Fed.R.Civ.P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

### II.

    In the Report and Recommendation, the Magistrate Judge recommended that Mr. Freeman's motion to proceed *in forma pauperis* (Doc. 1) be denied and that he be required to

pay the entire $350.00 filing fee because he is subject to the "three-strikes" rule under 28 U.S.C. §1915(g) and has not met the imminent danger exception. In reaching this conclusion, the Magistrate Judge noted Mr. Freeman's numerous assertions of imminent danger arising from the alleged disregard of his medical conditions including his need for a hernia repair and pinched nerves in his neck. The Magistrate Judge, citing Vandiver v. Vasbinder, 416 Fed.Appx. 560, 563 (6th Cir. 2011), recognized that the denial of medical treatment can satisfy the imminent danger requirement. However, the Magistrate Judge concluded, based upon the 28-page exhibit attached to Mr. Freeman's complaint which included information regarding the medical care he had received relating to these conditions, that Mr. Freeman was not in danger of serious physical injury at the time he filed the complaint. See Report and Recommendation, p. 6.

In reaching this conclusion, the Magistrate Judge relied upon several cases holding that where a prisoner has received medical treatment but does not agree with the medical advice, imminent danger has not been established. See, e.g., Brown v. Beard, 492 F.Supp.2d 474, 478 (E.D. Pa. 2007)(prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions); Watley v. Escobar, 2010 WL 1643801 (N.D. Ohio April 22, 2010)(no imminent danger where plaintiff received medical treatment but disagreed with conclusions of medical personnel); James v. Hunter, 2009 WL 3052131, *3 (S.D Alabama September 18, 2009) (disagreement with medical treatment provided does not satisfy § 1915(g) exception); Joyner v. Fish, 2008 WL 2646691 (W.D. Va. July 3, 2008) (imminent danger not demonstrated when plaintiff had been given thorough medical treatment, never been denied doctor visit, and been advised to take medication but disagreed with opinions of medical professionals); Baugh v. Missouri Dept. of Corrections, 2008 WL 4831783, n.1 (E.D. Mo. November 5, 2008)(no imminent danger where plaintiff admitted he was offered treatment for medical conditions but disagreed with offered treatment).

### III.

The focus of Mr. Freeman's objection is that the Magistrate Judge erred in concluding that he had not demonstrated imminent danger of serious physical injury. Further, Mr. Freeman argues that in reaching that conclusion, the Magistrate Judge should have considered only the allegations of the complaint and should not have considered the information contained in the

exhibit Mr. Freeman attached to his complaint.

With respect to Mr. Freeman's argument that the Magistrate Judge erred in considering the exhibits attached to the complaint, courts are permitted to consider materials attached to the complaint, especially when these attachments clarify matters.  See Arauz v. Bell, 307 Fed.Appx. 923 (6th Cir. 2009); Talal v. White, 403 F.3d 423, 427 (6th Cir. 2005).  Consequently, the Magistrate Judge did not err in doing so here.

With respect to the issue of imminent danger, Mr. Freeman continues to detail his need for a hernia repair and for treatment for pain caused by a herniated disc.  As the Magistrate Judge found, however, the essence of Mr. Freeman's complaint is simply that he disagrees with the opinions of the medical personnel who have examined him.  Although Mr. Freeman devotes pages of his objections to asserting that he is subject to imminent danger, the exhibits attached to his complaint, as detailed at some length in the Report and Recommendation, indicate otherwise. According to the information he provided, Mr. Freeman has received medical attention for both his hernia and his pinched nerve, has been prescribed medication, and has been advised to keep health services informed of any changes in his condition.  Mr. Freeman's reliance on Jackson v. Jackson, 335 Fed. Appx. 14 (11th Cir. 2009) does not require a different result because, according to his documents, hernia surgery Mr. Freeman's condition is considered an elective procedure.  For all of these reasons, Mr. Freeman's objections will be overruled.

IV.

The Court has conducted a *de novo* review of Mr. Freeman's complaint and agrees with the Magistrate Judge that Mr. Freeman has failed to show that he was under imminent danger of serious physical injury as defined by §1915(g) for purposes of his current complaint filed while he was incarcerated at the Ohio State Penitentiary.  Consequently, Mr. Freeman's motion to proceed *in forma pauperis* will be denied and Mr. Freeman will be required to pay the entire $350.00 filing fee.  If Mr. Freeman fails to pay the entire filing fee within thirty days of this order, this action will be dismissed without prejudice for failure to prosecute and Mr. Freeman will be assessed the $350.00 filing fee.  See, e.g., Cohen, 2011 WL 947085 at *5-6; see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).

V.

-3-

For the reasons stated above, the Court **OVERRULES** plaintiff's objection (Doc. 26) and hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 24). The motion to proceed *in forma pauperis* (Doc. 1) is denied and plaintiff is required to pay the entire $350.00 filing fee. If plaintiff fails to pay the entire filing fee within thirty days of this order, this action will be dismissed without prejudice for failure to prosecute.

    **IT IS SO ORDERED.**

          /s/ Gregory L. Frost
          **GREGORY L. FROST**
          **UNITED STATES DISTRICT JUDGE**